**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES D. WHITNEY,
Plaintiff-Appellant,

v.

No. 97-2716

WILLIAM S. COHEN, Secretary of the
Department of Defense; NATIONAL
IMAGERY AND MAPPING AGENCY,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-97-183-A)

Submitted: December 29, 1998

Decided: January 13, 1999

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles D. Whitney, Appellant Pro Se. Leslie Bonner McClendon,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles D. Whitney appeals from the district court's orders granting partial summary judgment to Appellees, entering judgment on the jury verdict, and denying his motion for a new trial in his employment discrimination and retaliation case. Whitney further challenges the magistrate judge's discovery rulings and the district court's evidentiary rulings. We affirm the district court's orders.

We review the trial court's discovery and evidentiary rulings for an abuse of discretion. See WLR Foods, Inc. v. Tysons Foods, Inc., 65 F.3d 1172, 1184 (4th Cir. 1995). We have reviewed the record and find no abuse of discretion. This court reviews a grant of summary judgment de novo. See United States v. Kanasco, Ltd., 123 F.3d 209, 210 (4th Cir. 1997). The moving party must demonstrate that there exists no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The facts are considered in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). After reviewing the pleadings and the transcripts of the hearing on the motion for summary judgment, we find that the district court did not err in granting partial summary judgment to the Appellees on both the discrimination/ harassment and retaliation counts as to Whitney's claims regarding a 1993 performance evaluation, a 1993 EEO complaint, a 1994 transfer, and hostile work environment. In addition, we conclude that the verdict was clearly supported by the evidence presented at trial. See Herold v. Hajoca Corp., 864 F.2d 317, 319-21 (4th Cir. 1988). Accordingly, the court did not err in denying Whitney's motion for a new trial. See Klein v. Sears Roebuck and Co. , 773 F.2d 1421, 1428 (4th Cir. 1985).

We therefore affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are ade-

quately presented in the materials before the court and argument
would not aid the decisional process.

AFFIRMED

3
2